UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEATRICE C. WHITE, a/k/a )
BEATRICE C. KLADE, and MICHAEL )
F. WHITE, )
 )
        Plaintiffs, )  No.  07 C 1661
 )
        v. )  Magistrate Judge Morton Denlow
 )
LOUIS ADDANTE, and DAVID )
PEDERSON, each in his individual )
capacity; THOMAS WAKOLBINGER, )
Chief of the Forest Preserve District of Du )
Page County; and the FOREST )
PRESERVE DISTRICT OF DU PAGE )
COUNTY, an Illinois unit of local )
Government, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant David Pederson's ("Pederson") motion to dismiss Count II of Plaintiff's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Count II is a claim for assault under Illinois law brought against Pederson in his individual capacity. The alleged basis for federal jurisdiction is supplemental jurisdiction pursuant to 28 U.S.C. § 1367 ("§ 1367"). For the reasons stated below, the Court grants Defendant's motion.

### I. BACKGROUND FACTS

The following facts are taken from the complaint and are treated as true for the purposes of this motion. *See Cornfield v. Consolidated High School District No. 230*, 991

F.2d 1316, 1324 (7th Cir. 1993). In March 2006, Plaintiff Beatrice C. White ("Mrs. White") and her husband, Plaintiff Michael F. White ("Mr. White") (collectively "Plaintiffs"), took their dogs to observe an off-leash dog area located at the Forest Preserve District of DuPage County. One of Plaintiffs' dogs jumped out of Mrs. White's arms and entered the off-leash dog area. Plaintiffs had not purchased a permit for their dogs to enter the area.

After Mrs. White retrieved her dog, Defendant Louis Addante ("Addante") approached her and asked to see her permit. After learning that Mrs. White did not have a permit, Addante asked Mrs. White her name. She replied that her name was Beatrice Klade, and that her married name was White. Addante apparently misunderstood and thought her name was Mary White, and after several attempts could not find her name in a computer database. Addante and Pederson then placed Mrs. White under arrest for the offense of obstructing a peace officer. Before Mrs. White was transported to the DuPage County jail, Pederson moved his forearm towards Mr. White in an aggressive manner, placing Mr. White in reasonable apprehension of receiving a battery.

Several days later, Mr. White applied for and received an Annual Off-Leash Dog Area Permit, which was revoked by Defendant Thomas Wakolbinger ("Wakolbinger") on behalf of Defendant Forest Preserve District of DuPage County ("Forest Preserve"). Soon after, the State's Attorney of DuPage County charged Mrs. White with the offense of attempted obstruction of justice. The Circuit Court of the Eighteenth Judicial Circuit of DuPage County subsequently dismissed all charges against Mrs. White.

In March 2007, Plaintiffs filed the instant action against all Defendants in three separate counts: Count I raises a federal claim by Mrs. White of unconstitutional arrest pursuant to the Fourth Amendment against Addante and Pederson; Count II raises a state law claim by Mr. White of assault against Pederson; and Count III raises a federal claim by Mr. White of failure to grant procedural due process pursuant to the Fourteenth Amendment against Wakolbinger and the Forest Preserve. Pederson moves to dismiss the state law claim in Count II for lack of subject matter jurisdiction.

## II. DISCUSSION

Mr. White's Count II state law claim asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The statute provides that "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction includes claims raised through joinder or intervention of additional parties. *Id.* For supplemental jurisdiction to be found, both the state and federal claims must derive from a "common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Neither party raises an interesting underlying issue: whether § 1367 allows one plaintiff to gain supplemental jurisdiction over his or her state law claim based on another plaintiff's federal claim. Neither the United States Supreme Court nor the Seventh Circuit have addressed this specific issue.

In *Whitaker v. Young*, two plaintiffs relied on § 1367 to bring their state claims into federal court, when only one plaintiff raised a federal claim and the other raised only state law claims. 2001 WL 138926, 1 (N.D. Ill. 2001). The plaintiffs argued that the court should exercise supplemental jurisdiction over one plaintiff's state law claims because the court had original jurisdiction over the other plaintiff's federal claim. *Id.* at 2. The court found supplemental jurisdiction over the state law claims, emphasizing the "critical fact" that one plaintiff's state law claims were "interwoven" with the other plaintiff's federal claims. *Id.* at 3. The court further reasoned that both plaintiffs challenged the same conduct and sought the same relief. *Id.*

However, in *Zelaya v. J.M. Macias, Inc.*, the court held otherwise. 999 F. Supp. 778, 783 (E.D.N.C. 1998). The court found that even if the state law claims and the federal claims of distinct plaintiffs arose from the same case or controversy, "they are not the type of claims expected to be tried in one proceeding, as they would involve two different and distinct sets of plaintiffs." *Id.* The court further noted that § 1367(c)(4) permits the court to decline to exercise supplemental jurisdiction in exceptional circumstances, and that "two separate sets of plaintiffs is such an exceptional circumstance." *Id.*

The plain language of § 1367 contemplates joinder and does not exclude joinder of plaintiffs. The U.S. Supreme Court held in *Exxon Mobil Corp. v. Allapattah Services, Inc.*, "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental

4

jurisdiction over the claims of other plaintiffs in the same Article III case or controversy . . . ." 545 U.S. 546, 566 (2005). Although *Exxon* involves multiple plaintiffs and diversity jurisdiction, the Supreme Court allowed one plaintiff to rely on another plaintiff's presence in federal court for supplemental jurisdiction. Nothing in *Exxon* suggests that a different conclusion should follow if federal question jurisdiction, rather than diversity, were at issue. Therefore, it appears that Mr. White's argument depends on whether his state law claim and Mrs. White's federal claim are part of the same case or controversy, as in any other claim to supplemental jurisdiction. In any event, the Court need not decide the issue because it is clear that the two claims are not part of the same case or controversy.

Mr. White argues that there is a common nucleus of operative facts between Mrs. White's federal claim of unconstitutional arrest and his own state claim of assault because both counts in the complaint stem from the "same events." Pl. Resp. ¶ 1, 3.[1] Pederson argues that there is no common nucleus of operative facts between the federal and state claims because they do not share common elements of "proof." Def. Mot. ¶ 9. Mr. White relies on the general principles concerning supplemental jurisdiction, but overlooks the holdings of the cases he cites. Mr. White quotes *Ammerman v. Sween*, where the court stated that a "loose factual connection between the claims is usually sufficient." 54 F.3d 423, 424 (7th Cir. 1995). However, the *Ammerman* court found supplemental jurisdiction over the plaintiff's state claim because the plaintiff could not prove the federal claim against her employer without proving the state claim. *Id.* at 425. Similarly, *Eager v. Commonwealth*

---

[1] Defendant's Motion to Dismiss is abbreviated Def. Mot.; Plaintiff's Response is Pl. Resp.

5

*Edison* implemented the *Ammerman* court's reasoning by dismissing all state claims that had no effect on the outcome of the federal claim. 187 F. Supp. 2d 1033, 1040 (N.D. Ill. 2002).

Here, dismissing Mr. White's assault claim against Pederson will have no effect on the outcome of Mrs. White's federal claim of unconstitutional arrest in Count I. Count I relies on facts that prove Mrs. White was arrested without probable cause, specifically that Addante and Pederson were not reasonable in believing, in light of the facts and circumstances at the time of the arrest, that Mrs. White had committed or was committing an offense. *See Washington v. Haupert*, 481 F.3d 543, 547 (7th Cir. 2007). The assault claim in Count II relies on facts that prove Pederson engaged in conduct that placed Mr. White in reasonable apprehension of receiving a battery. *See* 720 ILCS 5/12-1(a). Mrs. White need not establish that Mr. White was assaulted in order to prove that her arrest was unconstitutional. Therefore, the state and federal claims do not share a common nucleus of operative facts.

## III. CONCLUSION

Since Count I and II do not share a common nucleus of operative facts and are not part of the same case or controversy, Count II is placed beyond this Court's jurisdiction. **Defendant's motion to dismiss Count II for lack of subject matter jurisdiction is granted.**

**SO ORDERED THIS 1st DAY OF AUGUST, 2007**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Mr. John R. Wimmer
Attorney at Law
928 Warren Avenue
Downers Grove, IL 60515

Counsel for Plaintiff

Ryan J. Harrington
Kuhn, Mitchell, Moss,
Mork, & Lechowicz, LLC
111 E. Jefferson Avenue
P.O. Box 359
Naperville, IL 60566-0359

Counsel for Defendants